BARBER ASPHALT PAVING COMPANY, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 3, 1909.

1. **TAXBILLS: Description of Lot: Judicial Notice: Kansas City Additions: Answer: Owner.** This court believes there never was a city in Jackson county known as "West Kansas" but it will not take judicial notice that there is not such an addition to Kansas City as "West Kansas" and can safely indulge the presumption that certain lots now within such city were laid out as the plat of the "Town of Kansas" and a part of it as "West Kansas." *Held*, further, defendant's answer justifies a conclusion that the description was sufficiently definite to show the defendant the owner.

2. ————: **Kansas City Charter: Board of Public Works: President's Signature.** *Held*, that under the charter the board of public works can appoint by proper resolution, as it has done, the chief clerk of the engineering department to sign the president's name to taxbills.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*Elijah Robinson* for appellant.

(1) The taxbills sued on in this case were not issued in accordance with the requirements of the charter. Section 6, article IX, Charter of Kansas City. (2) The descriptions in the taxbills sued on do not sufficiently identify the land sought to be charged. The court will take judicial notice of the fact that there never was any town or city in Jackson county, Missouri, named "West Kansas," and the words "now Kansas City, Mo.," do not cure the defect.

*Scarritt, Scarritt & Jones* for respondent.

(1) According to the proof, the taxbills sued on were made out and signed in the name of the president of the board of public works, by Marcus E. Getchell, thereto specially authorized by a resolution of that board, in writing, recorded on the books of the board and signed by the president of the board. (2) This procedure is in strict accordance with the charter of Kansas City, section 15, article 9. (3) The identical proposition has been ruled by the Supreme Court, in Jaicks v. Merrill, 201 Mo. 100. (4) The petition, the taxbills and the judgment all contain a sufficient description of the land affected by each taxbill to locate and identify it.

BROADDUS, P. J.—This is a suit on certain taxbills purporting to have been issued to plaintiff by Kansas City through its board of public works for paving a part of Santa Fe street in said city. The appellant raises two questions: that the taxbills in suit were not made out and certified by said board as the charter of the city requires; and that the description of each parcel of ground to be charged is not sufficiently described in the bills.

The plaintiff introduced the taxbills in evidence which described the property as situated within the limits of Kansas City, Jackson county, Missouri, to-wit, "All of Lot 17, Block 29, West Kansas, now Kansas City, Mo., south and east of the Missouri Pacific R. R. right of way." The taxbills purport to have been signed by "Geo. S. Graham, President. By Marcus E. Getchell."

The defendant contends that the court will take judicial notice of the fact that there never was any town or city in Jackson county, Missouri, named "West Kansas" and the words "Kansas City" do not cure the defect. We believe there never was such a city as West Kansas situated in Jackson county, Missouri; but will

not take judicial notice that there is not such an addition to Kansas City as West Kansas. Prior to the Act of the General Assembly approved February 12, 1859, this city was known as "The City of Kansas" and had been incorporated as such. And we can safely indulge in the presumption that a certain part of the territory now included within the limits of Kansas City was laid out as the "Plat of the Town of Kansas" and we take judicial notice that a part of it was platted as "West Kansas."

In any event, the following part of the defendant's answer seems to justify the conclusion that the description was sufficiently definite to reveal to defendant that it was the owner, viz.: "Further answering, defendants say that the real estate described in plaintiff's petition constitutes a part of its right of way," etc.

Section 15, article 9, of the Charter of Kansas City provides in what manner all special taxbills shall be made out and certified. It is as follows: "All special taxbills provided for by this charter shall be made out and certified by the president of the board of public works, or in his name, by any person or persons, by the board of public works thereunto specially authorized by resolution in writing and recorded on the books to be kept by such board of public works, and signed by the president of the board."

The following resolution relative to the matter was passed by the said board:

*"Be It Resolved by the Board of Public Works:*

"Section 1. That Marcus B. Getchell, chief clerk of the engineering department, is hereby authorized to make out and certify in the name of George A. Graham, president of said board of public works, all special taxbills under, in pursuance of and provided for by the provisions of the Charter of said Kansas City, including special taxbills in installments. The attestation of the

secretary of said board or the seal of said board shall in no case be necessary to the validity thereof.

"Section 2. This resolution shall be recorded in the books kept by said board of public works and signed by the president of said board."

The resolution was adopted the 22nd day of April, 1898, and signed by Geo. S. Graham, president of the board.

The contention of defendant is that the charter of the city imposed upon the board of public works the duty of issuing taxbills and did not confer upon that board any authority to delegate the performance of the duty to anyone else.

The question is not a new one, but was passed on in Jaicks v. Merrill, 201 Mo. 91, in which a taxbill similarly made out is held valid under the provision of the charter to which attention has been called.

Affirmed. All concur.